UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SYED K. HASAN,<br><br>    Plaintiff,<br><br>    v.<br><br>SLM CORP.,<br><br>    Defendant. | Civil Action No. 1:14-cv-14196<br>[On removal from the West Roxbury District Court of the Commonwealth of Massachusetts, Civil Action No. 14CV000549] |

**ANSWER AND AFFIRMATIVE DEFENSES OF**
**DEFENDANT NAVIENT SOLUTIONS, INC.**

Defendant Navient Solutions, Inc. ("Navient"),[1] by and through its undersigned attorney, hereby answers the Complaint of Plaintiff Syed K. Hasan ("Plaintiff") as follows.

    1.    The allegations in Paragraph 1 are vague, ambiguous, and unintelligible as written, and as a result, Navient is impeded in its ability to respond to them.  To the extent that the allegations in Paragraph 1 reference or purport to characterize or describe the content of written documents, the documents speak for themselves and no response is required.  Except as specifically admitted, Navient denies any and all remaining allegations in Paragraph 1.

    2.    The allegations in Paragraph 2 are vague, ambiguous, and unintelligible as written, and as a result, Navient is impeded in its ability to respond to them.  To the extent that the allegations in Paragraph 2 reference or purport to characterize or describe the content of

---

[1] Navient Solutions, Inc., formerly known as Sallie Mae, Inc., is the servicer of Plaintiff's loans and the proper party in interest in this case.  Navient was incorrectly identified in the case caption above and in Plaintiff's Complaint as "SLM Corp."  To the extent that an answer is required of SLM Corp., this answer is submitted on behalf of SLM Corp. as well.

written documents, the documents speak for themselves and no response is required.  Except as specifically admitted, Navient denies any and all remaining allegations in Paragraph 2.

      3.      The allegations in Paragraph 3 are vague, ambiguous, and unintelligible as written, and as a result, Navient is impeded in its ability to respond to them.  To the extent that the allegations in Paragraph 3 reference or purport to characterize or describe the content of written documents, the documents speak for themselves and no response is required.  Except as specifically admitted, Navient denies any and all remaining allegations in Paragraph 3.

      4.      The allegations in Paragraph 4 are vague, ambiguous, and unintelligible as written, and as a result, Navient is impeded in its ability to respond to them.  To the extent that the allegations in Paragraph 4 reference or purport to characterize or describe the content of written documents, the documents speak for themselves and no response is required.  Except as specifically admitted, Navient denies any and all remaining allegations in Paragraph 4.

      5.      The allegations in Paragraph 5 are vague, ambiguous, and unintelligible as written, and as a result, Navient is impeded in its ability to respond to them.  To the extent that the allegations in Paragraph 5 reference or purport to characterize or describe the content of written documents, the documents speak for themselves and no response is required.  Except as specifically admitted, Navient denies any and all remaining allegations in Paragraph 5.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Any allegation not admitted above is expressly denied.

## SECOND AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by his own acts and/or omissions.

## FOURTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff suffered any money damages as a result of the events alleged in the Complaint, such damages resulted, in whole or in part, from the conduct and/or actions of a third person or persons over whom Navient had no control and for whose acts Navient was in no way responsible, and if any recovery is had in this action against Navient, such recovery must be reduced to the extent that the conduct of said third person or persons caused or contributed to Plaintiff's damages.

## FIFTH AFFIRMATIVE DEFENSE

Assuming Plaintiff has suffered any damages as a result of the actions alleged in the Complaint, Plaintiff has failed to mitigate his alleged damages or to take other reasonable steps to avoid or reduce his alleged damages.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitations.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of consent, waiver, estoppel, laches and/or unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims violate Mass. Gen. Laws c. 231, §6F in that they are frivolous and not advanced for any proper purpose.

### NINTH AFFIRMATIVE DEFENSE

Navient expressly reserves the right to assert such other and further affirmative defenses as may be appropriate following discovery.

### **PRAYER FOR RELIEF**

WHEREFORE, Defendant Navient respectfully requests that this Court enter a judgment in its favor and against Plaintiff on all counts of the Complaint, and that the Court further award Defendant any such other and further relief as this Court deems equitable and just, including, but not limited to, an award to Defendant of its reasonable attorneys' fees, expenses, and costs incurred in defending against Plaintiff's Complaint.

### **DEMAND FOR TRIAL BY JURY**

Defendant Navient Solutions, Inc. respectfully requests a trial by jury on all claims so triable.

Respectfully submitted,

**NAVIENT SOLUTIONS, INC.,**

By its Attorney,

/s/ John T. Graff
John T. Graff (BBO No. 664825)
*jgraff@hrwlawyers.com*
Hirsch Roberts Weinstein LLP
24 Federal Street, 12th Floor
Boston, Massachusetts 02110
(617) 348-4300

Dated: December 15, 2014

## CERTIFICATE OF SERVICE

    I, John T. Graff, hereby certify that on December 15, 2014, a true copy of the foregoing document was served by first class United States mail, postage prepaid, upon plaintiff Syed K. Hasan, 307 Blue Jay Circle, Boston, MA 02126.

/s/ John T. Graff
John T. Graff
